UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SOBANDO ESTER BOGANS,
*Plaintiff*,

v.

MARCO RUBIO, *et al.*,
*Defendants.*

No. 1:26-cv-01911-MSN-IDD

**ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 6. Plaintiff has filed an opposition, ECF 12, and Defendants filed a reply, ECF 14. For the reasons discussed below, the Court will **GRANT** the Motion (ECF 6) and dismiss this action.[1]

## I. BACKGROUND

Sobando Ester Bogans ("Plaintiff") is a United States citizen. ECF 1 ¶ 1. On January 1, 2019, Plaintiff filed a Form I-130 Petition with United States Citizenship and Immigration Services ("USCIS") on behalf of her mother, a citizen of Liberia. *Id.* ¶ 14; *see also* ECF 1-2 at 11. On February 13, 2020, USCIS transferred the petition to the United States Department of State for consular processing. ECF 1 ¶ 15. Plaintiff and her mother timely filed all requested documents, *id.* ¶ 16, and on December 9, 2020, Plaintiff's petition was deemed Documentarily Qualified, *id.* ¶ 17.

[1] Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7(J) the Court concludes that the pleadings sufficiently present the facts and legal issues and so decides Defendants' Motion to Dismiss on the papers.

On March 22, 2022, Plaintiff's mother appeared for her consular interview at the U.S. Embassy in Liberia. *Id.* ¶ 18. Following that interview, Plaintiff's petition was refused. *Id.* ¶ 19. Embassy officials then requested Plaintiff submit an additional questionnaire, which Plaintiff submitted on January 26, 2024. *Id.* ¶ 20. The embassy confirmed receipt of the questionnaire on February 24, 2024. *Id.* To date, however, Plaintiff has not received any substantial updates from the government on her petition. *Id.* ¶ 21.

On June 30, 2026, Plaintiff filed a six-count complaint and petition for a writ of mandamus. *See generally* ECF 1. Count I brings an Administrative Procedures Act ("APA") and mandamus action challenging Defendants "unnecessary delay in adjudicating the visa petition." *Id.* ¶ 34. Plaintiff's remaining Counts challenge the Department of State's January 21, 2026, pause on immigration petitions from 75 countries. *Id.* ¶ 22. Plaintiff challenges that policy under the APA (Counts II, III, IV) and the Fifth Amendment (Counts V, VI).

Defendants filed a motion to dismiss on September 18, 2026, *see generally* ECF 6, 7, arguing that this Court lacked jurisdiction over Plaintiff's claims, and, in any event, that Plaintiff failed to state a claim. Plaintiff filed an opposition, ECF 12, and Defendant filed a reply, ECF 14.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a complaint if a court lacks subject matter jurisdiction. A motion under Rule 12(b)(1) may argue either "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," or that "the jurisdictional allegations of the complaint were not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Plaintiff bears the burden of establishing a jurisdictional basis for her claims, and absent a showing of facts establishing this basis by a preponderance of the evidence, the case must

be dismissed. *Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009); *see also Berenjian v. Blinken*, 2024 WL 3732451, at *2 (E.D. Va. Aug. 8, 2024).

## III. ANALYSIS

### A. Plaintiff Has Standing to Challenge the Allegedly Delayed Visa Adjudication

Defendants first argue that Plaintiff lacks standing. *See* ECF 7 at 7-9. Courts in this district, however, have routinely found standing in similar circumstances. *See, e.g.*, *Raihanoune v. USCIS*, 2025 WL 510235, at *3 (E.D. Va. Feb. 13, 2025) ("Here, this Court finds that Plaintiff has suffered an injury-in-fact which is fairly traceable to Defendants' conduct because Plaintiff is challenging USCIS's application of [a policy] to delay her spouse's visa application and seeking to compel USCIS to make a final decision on the application. If this Court ruled in Plaintiff's favor, USCIS's delay or failure to adjudicate the application would be redressed. Therefore, this Court finds that Plaintiff has Article III standing."); *Berenjian*, 2024 WL 3732451, at *2 ("[A] United States citizen's 'interest in being united with his relatives is sufficiently concrete and particularized to form the basis of an Article III injury in fact." (quoting *Trump v. Hawaii*, 585 U.S. 667, 698 (2018)). Accordingly, Plaintiff has Article III standing.

### B. This Court Lacks Jurisdiction Over Plaintiff's APA and Mandamus Claims (Count I)

Defendants next argue that "this Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff cannot establish a clear, non-discretionary duty for Defendants to re-adjudicate Plaintiff's *already refused*" petition. ECF 7 at 11. This Court agrees and will dismiss Count I for lack of subject matter jurisdiction.

The APA authorizes courts to compel agencies to "take a *discrete* agency action" which has been "unlawfully withheld or unreasonably delayed" and which "it is *required to take*." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365-66 (4th Cir. 2021); *see also* 5 U.S.C. § 706(1). The

Mandamus Act, 28 U.S.C. § 1361, similarly "only permits federal courts to exercise jurisdiction if an agency has a clear duty to act." *Lovo v. Miller*, 107 F.4th 199, 216 (4th Cir. 2024). A claim under § 706(1) and the Mandamus Act are "functionally identical." *Hyatt v. U.S. Pat. & Trademark Off.*, 146 F. Supp. 3d 771, 781 (E.D. Va. 2015).

Plaintiff fails to establish jurisdiction under the APA and the Mandamus Act because she has not identified any agency action that Defendants were required, but failed, to take. Plaintiff argues that "consular officers are required by law to act upon visa applications." ECF 12 at 5. But following Plaintiff's mother's interview with consular officials, "Plaintiff's immigration petition was refused under INA § 221(g)." ECF 1 ¶ 19. Implicitly acknowledging as much, Plaintiff argues that Defendants request for additional documents from Plaintiff and their failure to provide an update on the petition following their receipt of those documents means Defendants have failed to adjudicate Plaintiff's petition. *See* ECF 12 at 8. But as other courts in this district have recently held, "an initial refusal is an adjudication for purposes of APA or mandamus review." *Raihanoune*, 2025 WL 510235, at *5 (collecting cases). As such, "since [Defendants] ha[ve] at least initially refused Plaintiff['s mother's] visa application, [Defendants] ha[ve] adjudicated the application. Therefore, the agency has fulfilled any mandatory procedures or clear non-discretionary duty to act." *Id.* Plaintiff also argues that 5 U.S.C. § 555(b) requires Defendants to adjudicate the Petition "within a reasonable time." ECF 12 at 8. But, as discussed above, Defendants have adjudicated the petition. "In other words, Plaintiff does not identify 'any mandatory procedures which Defendants have failed to follow.'" *Raihanoune*, 2025 WL 510235, at *5 (quoting *Ameen v. United States Dep't of State*, 2024 WL 3416264, at *3 (E.D. Va. July 15, 2024)). Accordingly, the Court lacks jurisdiction under the APA and the Mandamus Act.

### C. Plaintiff's Challenges to the Department of State's Pause On Petitions Is Moot (Counts II-VI)

Plaintiff's remaining counts challenge the Department of State's January 21, 2026, decision to "put into effect a nationality-based immigrant visa issuance pause on the legal immigration of nationals from 75 countries." ECF 1 ¶ 22. But as Defendant's note, "the January 2026 pause of immigrant visa issuance to nationals of 75 countries is no longer in effect." ECF 7 at 10. Indeed, another court has vacated and set aside the adjudicative pause. *See generally Cath. Legal Immigr. Network, Inc. v. Rubio*, 2026 WL 2455099 (S.D.N.Y. Aug. 21, 2026). Tellingly, Plaintiff does not defend, nor even mention, Counts II through VI in her opposition to Defendants' motion to dismiss. Counts II through VI, therefore, no longer present a live controversy and are moot.

## IV. CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (ECF 6) is **GRANTED**. It is further

**ORDERED** that the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

The clerk is directed to forward a copy of this Order to counsel of record, enter judgment in Defendants' favor pursuant to Federal Rule of Civil Procedure 58, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

October 21, 2026
Alexandria, Virginia